IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                          Criminal No. **3:11CR282**

**MICHAEL ALEXANDER JONES,**

>    Petitioner.

### MEMORANDUM OPINION

Michael Alexander Jones, a federal inmate proceeding *pro se*, brings this motion pursuant

to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 55).[1]

Jones contends that the Court committed error in his sentencing.  Specifically, Jones demands

relief because:

>    Claim One:    "Petitioner Jones's sentence is improper, his period of
>                  incarceration exceeds that permitted by law and constitutes a
>                  miscarriage of justice." (§ 2255 Mot. 4.)

The Government has responded, asserting that Jones's claim lacks merit.  (ECF No. 58.)  Jones

has filed an opposition to the Government's response ("Reply," ECF No. 59).  For the reasons

set forth below, Jones's § 2255 Motion will be DENIED.

### I.      PROCEDURAL HISTORY

On October 31, 2011, a Criminal Complaint was filed, charging Jones with possession of

a firearm by a convicted felon.  (Crim. Compl. 1, ECF No. 1.)  On November 15, 2011, a grand

jury charged Jones with one count of possession of a firearm by a convicted felon (Count One),

and possession of heroin (Count Two).  (Indictment 1, ECF No. 9.)  On February 7, 2012, a jury

---

[1]  The Court employs the pagination assigned to Jones's submissions by the CM/ECF
docketing system.  The Court corrects the spelling, capitalization, and punctuation in quotations
from Jones's submissions.

found Jones guilty of Count One, but was unable to reach a unanimous verdict as to Count Two. (ECF No. 23.)  The Court granted Jones's motion for judgment of acquittal as to Count Two. (Feb. 7, 2012 Tr. 185–86.)

Prior to sentencing, the Probation Officer determined that Jones qualified as an armed career criminal pursuant the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), "as he ha[d] three prior convictions of serious drug offenses committed on different occasions." (Pre-Sentence Investigation Report ("PSR") ¶ 35, ECF No. 27.)  Because of this finding, Jones was subject to a period of imprisonment of "not less than fifteen years." 28 U.S.C § 924(e)(1).  With this finding, Jones's total offense level was 33, and his Criminal History Category was VI.  (PSR Wksht. D.)  Jones's Sentencing Guidelines range called for 235 to 293 months of imprisonment. (*Id.*)

Jones did not contest the Probation Officer's determination that Jones was an armed career criminal.  (ECF No. 33, at 1 n.2.)  Jones, through counsel, objected to his placement in Criminal History Category VI, arguing that the correct Criminal History Category was V.  (*Id.* at 1 nn. 2–3.)  Counsel also raised an objection to the accuracy of the Guidelines calculation.  (*Id.* at 1.)  Counsel for Jones further moved for a variant sentence "not greater than the 180-month statutory minimum."  (*Id.* at 2.)

The Court held Jones's sentencing hearing on June 4, 2012.  The Court found that Jones's base offense level was 24, and chose to not impose a four-point enhancement for possession of heroin because Jones had been acquitted on Count Two.  (June 4, 2012 Tr. 12.)  Nevertheless, Jones's total offense level remained 33 because of his status as an armed career criminal.  (June 4, 2012 Tr. 12; *see also* PSR Wksht. D.)  The Court also reduced Jones's criminal history points from 15 to 12 after finding by a preponderance of evidence that "it [was] more likely than not that [Jones] finished his first sentence before July 10, 1996."  (June 4, 2012 Tr. 12.)  After these

modifications, the Guidelines called for 210 to 262 months of imprisonment. (June 4, 2012 Tr. 12.) The Court granted Jones's motion for a variance in part, and sentenced Jones to 204 months of imprisonment. (J. 2, ECF No. 37; *see also* June 4, 2012 Tr. 34–36.) The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. *United States v. Jones*, 500 F. App'x 216, 218 (4th Cir. 2012).

## II.   ANALYSIS

Jones argues that his sentence is "improper, his period of incarceration exceeds that permitted by law and constitutes a miscarriage of justice." (§ 2255 Mot. 4.) Jones asserts that the Court erred in finding that he was an armed career criminal "without first providing [Jones] with notice of the prior predicate convictions that it relied on." (*Id.*) He also contends that due process required that the Government provide notice of its intent to seek an enhanced sentence under the ACCA, and that because he did not receive such notice, he could only have been sentenced to a maximum of ten years. (Br. Supp. § 2255 Mot. 10, ECF No. 56.)[2]

Under the ACCA,

[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). "There is no requirement that the government list, either in the indictment or 'in some formal notice,' the predicate convictions on which it will rely for a section 924(e) enhancement." *United States v. O'Neal*, 180 F.3d 115, 125 (4th Cir. 1999) (citing

---

[2] In his brief, Jones recognizes that his claim is procedurally defaulted because he failed to raise it on direct appeal. (Br. Supp. § 2255 Mot. 12.) Jones contends that his procedural default can be excused because he is "actually innocent" of the armed career criminal designation because of the Government's failure to provide notice. (*Id.* at 13-14.) However, because the Government does not argue that Jones's claim is procedurally defaulted, the Court considers Jones's claim on the merits.

*United States v. Tracy*, 36 F.3d 187, 198 (1st Cir. 1994); *United States v. Alvarez*, 972 F.2d 1000, 1006 (9th Cir. 1992)); *cf. United States v. Cheek*, 415 F.3d 349, 352 (4th Cir. 2005) ("It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."). Moreover, "[a]lthough a defendant does have a right to adequate notice of the government's plan to seek such an enhancement, and of the convictions that may support that enhancement, the listing of these convictions in the PSR is more than adequate to provide such notice." *O'Neal*, 180 F.3d at 125–26 (internal citations omitted).

Here, the PSR put Jones on notice of the Probation Officer's determination that Jones qualified as an armed career criminal. (PSR ¶ 35); *see United States v. Turner*, 264 F. App'x 324, 327 (4th Cir. 2008) (finding that defendant was properly notified, through PSR, of the determination that he was an armed career criminal). The PSR also set forth, in detail, Jones's criminal history, including the controlled substances convictions used to qualify Jones as an armed career criminal. (PSR ¶¶ 21–27.) Given this, Jones received adequate notice of both the Government's intent to seek the enhanced penalty under the ACCA and of the convictions used to determine that he was an armed career criminal so that he could object to the designation if he so desired.[3] Accordingly, Claim One will be DISMISSED.

In his Reply, Jones raises, for the first time, a claim that he was not properly categorized as an armed career criminal. (Reply 2.)[4] Jones contends that he "only ha[s] 1 prior conviction that qualifies as a 'serious drug offense' and he is actually innocent of the enhanced penalties of

---

[3] Again, Jones did not object to his designation as an armed career criminal. (ECF No. 33, at 1 n.2.)

[4] This claim is likely barred by the one-year statute of limitations applicable to motions brought pursuant to 28 U.S.C. § 2255. However, the Court finds that it is more expedient to dispose of the claim on the merits.

title 18 U.S.C. § 924(e)(1) and USSG Manual § 4B1.4." (*Id.* at 4.)  Jones believes that because he received suspended sentences for three of his convictions, they do not qualify as "serious drug offenses" under the ACCA. (*Id.* at 4.)  Jones is incorrect.

Under the ACCA, "serious drug offense" refers to:

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

In 1991, in the Circuit Court for the City of Richmond, Virginia, Jones was convicted of possession of cocaine with intent to distribute as an accommodation. (PSR ¶ 21.)  Jones was sentenced to ten years of imprisonment, with five years suspended. (*Id.*)[5]  In 1994, again in the Circuit Court for the City of Richmond, Virginia, Jones was convicted of two counts of distribution of cocaine. (*Id.* ¶ 23.)  Jones was sentenced to eight years of imprisonment for the first count, and fifteen years of imprisonment, suspended for good behavior, for the second count. (*Id.*)  In 2005, in the Circuit Court for Henrico County, Virginia, Jones was convicted of two counts of distribution of heroin. (*Id.* ¶ 27.)  For the first count, Jones was sentenced to eight years of imprisonment, with five years suspended; for the second count, he was sentenced to five years of imprisonment, with four years suspended, to run consecutively. (*Id.*)

Under Virginia law, heroin is a Schedule I controlled substance. Va. Code Ann. § 54.1–3446(2).  Cocaine is classified as a Schedule II controlled substance. *Id.* § 54.1–3448(1).  A

---

[5] Jones's parole was suspended in 1994, and a revocation sentence of five years of imprisonment was imposed. (PSR ¶ 21.)

person convicted of an offense involving the distribution or possession with intent to distribute a Schedule I or II substance is subject to imprisonment "for not less than five nor more than 40 years." *Id.* § 18.2-248(C). The criminal penalties for Jones's three offenses involving distribution or possession with intent to distribute a controlled substance clearly meet the ACCA's statutory requirement of having a maximum length of ten years or more; therefore, these three offenses correctly qualified as "serious drug offenses." *See* 18 U.S.C. § 924(e)(2)(A)(ii). The fact that "the state court exercised its discretion in sentencing [Jones] to suspended sentences" has no bearing on the determination that these convictions met the definition of "serious drug offense" under the ACCA. *United States v. Rawls*, No. 3:12–602–CMC, 2015 WL 75052, at *3 (D.S.C. Jan. 6, 2015) (rejecting similar argument). Accordingly, this claim will also be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Jones's § 2255 Motion (ECF No. 55) will be DENIED, and the action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 3/30/16
Richmond, Virginia